# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SALEEBAN ISSE ADAN, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| ARRON PINCIRO, et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:17-cv-3820-WSD-JFK |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff Saleeban Isse Adan, Georgia Department of Corrections number 1000439372, confined in Georgia State Prison in Reidsville, Georgia, has submitted a civil rights complaint. (Compl., ECF No. 1). Plaintiff complains in regard to prison systems and alleges, among other things, that the State of Georgia prison system double cells prisoners in solitary confinement cells that are meant for one person, that eighty percent of federal prisoners have a cell mate in solitary confinement, and that Illinois and Texas prisoners are locked down for nearly twenty-four hours a day. (Id. ¶ IV). Plaintiff states that "people in solitary are more likely to hurt themselves/attempt suicide then those in many decrease the risk of inter prisoner violence." (Id. (uncorrected)).

Plaintiff does not have standing to assert the rights of other prisoners. <u>Johnson v. Brown</u>, 581 F. App'x 777, 781 (11th Cir. 2014) ("As a *pro se* litigant, Johnson cannot bring an action on behalf of his fellow . . . inmates."); <u>Massimo v. Henderson</u>, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming that nonlawyer inmate may not proceed in federal court on behalf of fellow inmates). Further, 28 U.S.C. § 1915(g) does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and, a prisoner wishing to pursue his or her claims, must refile the action with full payment of the filing fee. See <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. See <u>Adan v. Does</u>, No. 5:15-cv-0047-MTT-MSH (M.D. Ga. Mar. 5, 2015) (listing cases). Plaintiff alleges

nothing to show that he is in imminent threat of serious injury from any named Defendant, and this case is due to be dismissed.

**IT IS RECOMMENDED** that Plaintiff be **DENIED** *in forma pauperis* status and that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 19th day of October, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)