# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SALEEBAN ISSE ADAN, | |
| Plaintiff, | |
| v. | 1:17-cv-3820-WSD |
| ARRON PINCIRO, et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [3] ("Final R&R"), recommending that Plaintiff Saleeban Isse Adan ("Plaintiff") be denied *in forma pauperis* status and this action be dismissed without prejudice.

On September 28, 2017, Plaintiff, a state inmate at Georgia State Prison in Reidsville, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ([1]). Plaintiff complains in regard to prison systems and alleges, among other things, that the State of Georgia prison system double cells prisoners in solitary confinement cells that are meant for one person, that eighty percent of federal prisoners have a cell mate in solitary confinement, and that Indiana and Texas prisoners are locked down for nearly twenty-four hours a day. (Id. ¶ IV). Plaintiff

states that "people in solitary are more likely to hurt themselves/attempt suicide then those in many decrease the risk of inter prisoner violence." (Id. (uncorrected)).

On October 20, 2017, the Magistrate Judge issued her Final R&R, recommending that this action be dismissed under 28 U.S.C. § 1915(g) because Plaintiff cannot proceed *in forma pauperis* because he filed, while incarcerated, more than three civil actions that have been dismissed as frivolous, malicious, or for failure to state a viable claim. (Final R&R at 2-3). Plaintiff has not filed objections to the R&R, and thus the Court reviews it for plain error. See United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

A prisoner may not bring a civil action in federal court, without paying the filing fee, "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). This is known as the "three strikes" provision. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Where the three strikes rule does not allow a prisoner to proceed *in forma pauperis*, his complaint should

be dismissed without prejudice. See id.

The Magistrate Judge found that Plaintiff's Complaint should be dismissed because Plaintiff, while incarcerated, filed at least three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. ([3] at 2, citing Adan v. Does, No. 5:15-cv-0047-MTT-MSH (M.D. Ga. Mar. 5, 2015) (listing cases). The Magistrate Judge also found that Plaintiff does not have standing to assert the rights of other prisoners. Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) ("As a *pro se* litigant, Johnson cannot bring an action on behalf of his fellow . . . inmates."). (Final R&R at 2). The Court finds no plain error in the Magistrate Judge's determinations or recommendation, and this action is dismissed without prejudice. See 28 U.S.C. § 1915(g).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that any appeal in this case would not be taken in good faith and that, therefore, Plaintiff may not proceed *in forma pauperis* on appeal. See 28 U.S.C. §1915(a)(3).

**SO ORDERED** this 6th day of December, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE